UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DEWAYNE HART, ) | CASE NO. 1:17 CV 188 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY SHERIFF'S ) | AND ORDER |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

On January 27, 2017, Plaintiff *pro se* Dewayne Hart, formerly an inmate at the Cuyahoga County Jail, filed the above captioned action under 42 U.S.C. § 1983 against the Cuyahoga County Sheriff's Department and Dr. Gatz. His very brief Complaint contains only general allegations that he was not provided adequate medical treatment when he was confined at the jail.

Plaintiff asserts he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis

in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the Complaint liberally, Plaintiff fails to state a valid claim for relief under the Eighth Amendment. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate Eighth Amendment protections. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer v. Brennan*,

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

511 U.S. 825. 837 (1994).  Mere negligence will not suffice.  *Id.* at 835-36.  Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Plaintiff's allegations do not describe conduct indicating a degree of culpability greater than negligence.

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 S/Christopher A. Boyko  
CHRISTOPHER A. BOYKO  
UNITED STATES DISTRICT JUDGE